# United States Court of Appeals

## For the First Circuit

No. 07-1985

MATTHEW THOMAS, ET AL.,

Plaintiffs, Appellants,

v.

STATE OF RHODE ISLAND, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before
Lynch, Chief Judge,
Tashima[*] and Lipez, Circuit Judges.

John F. Killoy for appellants.
Neil F.X. Kelly, Assistant Attorney General, for appellees
State of Rhode Island and Providence Plantations; Patrick C. Lynch,
Attorney General; Rhode Island State Police, Colonel Steven M.
Pare; State Police Trooper Badge #37; State Police Detective
Timothy Sanzi; State Police Detective Joseph Philibin, and State
Police Detective Michael Casey.
Claire Richards, Special Counsel, for appellee Governor Donald
L. Carcieri.
Rebecca Tedford Partington, Assistant Attorney General, for
appellees State Police Detectives Ken Barry and Ken Bell.

September 24, 2008

[*] Of the Ninth Circuit, sitting by designation.

**LIPEZ, Circuit Judge.**  Appellants are seven members of the Narragansett Indian Tribe ("the Tribe")[1] who brought suit under 42 U.S.C. § 1983 claiming that Rhode Island state officials, including state police officers, violated their constitutional rights by arresting them "without lawful authority" on tribal lands.  Relying on our earlier ruling that the state police had jurisdiction to make arrests on Narragansett tribal lands, see Narragansett Indian Tribe v. Rhode Island, 449 F.3d 16, 30-31 (1st Cir. 2006)(en banc), the district court dismissed appellants' complaint for failure to state a claim on which relief could be granted.  See Fed. R. Civ. P. 12(b)(6).  The court also denied appellants' request for leave to amend their complaint.

Appellants challenge both of these rulings.  They argue that the court construed their allegations too narrowly, thereby ignoring a viable Fourth Amendment claim based on the lack of probable cause for arrest.  Alternatively, they claim that the court wrongly denied their request to amend the complaint, thereby denying them the opportunity to remedy any deficiencies.  We affirm.

---

[1] The appellants are Narragansett Indian Tribe members Matthew Thomas, Randy Noka, Bella Noka, Hiawatha Brown, John Brown, Thawn Harris, and Adam Jennings.

We have previously described at great length the events associated with the July 14, 2003 raid of the Narragansett Indian Smoke Shop by the police. See Jennings v. Jones, 499 F.3d 2, 4-5 (1st Cir. 2007);[2] Narragansett Indian Tribe, 449 F.3d at 18-21. We recount here only the facts most pertinent to the case at hand.

The State of Rhode Island imposed an excise tax on all cigarettes sold, distributed, or held for sale or distribution within its borders. To enhance collection of this tax, it required cigarette dealers to affix to their merchandise stamps furnished by the State. Id. Failure to comply with these rules was a misdemeanor and subjected the cigarettes to seizure. The Tribe believed that the State had no jurisdiction over tribal lands and that the State's tax regime, therefore, did not apply to cigarette sales on its property. The Tribe opened a smoke shop on tribal land located in Charleston, Rhode Island, and sold cigarettes without the stamps affixed and without collecting the state sales

---

[2] We addressed the claims of appellant Adam Jennings in our decision in Jennings, and therefore his claims here are barred by the principle of res judicata. See Aristud-Gonzalez v. Gov't Dev. Bank, 501 F.3d 24, 27 (1st Cir. 2007) (explaining that res judicata encompasses claim preclusion, which may be used both to prevent the re-litigation of the same cause of action and bar claims that were not brought earlier but grew out of the same nucleus of operative facts and should have been brought in an earlier action). Appellants' counsel acknowledged at oral argument that Jennings is no longer a viable plaintiff in this case.

tax. Consequently, the cigarettes were priced significantly below the prevailing market rate.

After securing a search warrant, the police entered the smoke shop on July 14, 2003 to seize the unstamped cigarettes. The officers' entry "sparked an altercation" and resulted in eight arrests. Id.

The Tribe then brought suit against the State arguing that under the Rhode Island Indian Claims Settlement Act, 25 U.S.C. §§ 1701-16, Rhode Island officials did not have the authority to enter tribal land for the purpose of enforcing state laws. We considered this issue en banc, and a majority of the court held that state officers could execute a search warrant on tribal lands and arrest members of the Tribe in order to enforce the State's laws. Narragansett Indian Tribe, 449 F.3d at 24. The Tribe petitioned for certiorari, which was denied on November 27, 2006. Narragansett Indian Tribe v. Rhode Island, 127 S. Ct. 673 (2006).

On July 13, 2006, while the petition for certiorari was still pending, appellants initiated this action pursuant to 42 U.S.C. § 1983 against the State, the officers who conducted the

raid, and several state officials.[3] In their complaint, they stated:

> Defendants individually and in concert with the others acted under the color of state law and in their official capacities, but said acts are illegal, and each defendant individually and in concert with the others acted deprived [sic] the plaintiffs of their constitutional rights.

> The transportation, detention and prosecution of the plaintiffs without lawful authority or jurisdiction constituted a seizure within the meaning of the Fourth Amendment and deprived plaintiffs of their liberty. This seizure and deprivation of liberty were unreasonable in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

On February 2, 2007, after the Supreme Court denied certiorari, the defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that appellants had failed to state a claim on which relief could be granted because the Narragansett case had resolved the question of state authority. In their response to the motion, appellants indicated that they would be seeking leave to amend their complaint, but did not specify the content of the proposed changes, or explain why they were necessary. Appellants never filed a written motion to amend the complaint.

---

[3] The following people and entities were listed as defendants: the State of Rhode Island and Providence Plantation, Governor Donald L. Carcieri in his official capacity, Rhode Island Attorney General Patrick C. Lynch in his official capacity, Colonel Steven M. Pare of the State Police, State Police Trooper Badge #37, State Police Detective Timothy Sanzi, State Police Detective Joseph Philibin, State Police Detective Michael Casey, and State Police Troopers -- John Does 1 to 7.

At a hearing on the dismissal motion, appellants argued that the Narragansett case was not dispositive because the complaint concerned the claims of "individual tribal members for violations of their own individual civil rights," and not the State's "jurisdiction and authority in taxation" over the Tribe. When asked by the court what had occurred during the raid that "could possibly give rise to" a § 1983 claim, counsel for appellants pointed to three alleged incidents of excessive force: (1) an appellant was bitten by a state police dog, (2) a pregnant appellant was forced to the ground by the police with a knee to her back, and (3) an appellant received a "chest bump." None of these incidents, however, were alleged in the complaint. Appellants further asserted at the hearing that they needed time for discovery so they could determine whether other episodes of excessive force had occurred, and they requested leave to amend their complaint after such discovery had been completed. Appellants never suggested at this hearing that the police lacked probable cause for the arrests.

The district court concluded in a written opinion that the complaint "fail[ed] to state any viable cause of action." The court found that the notion that the complaint contained an excessive force claim, which had been "weakly suggested" by appellants at the hearing, was not supported by the contents of the complaint itself. The district court also held that appellants'

"passing references in their memorandum to their desire to amend their pleading," unaccompanied by a motion, were "patently inadequate" as a motion to amend. The court rejected appellants' argument that they needed discovery to properly allege their excessive force claim, concluding that "[t]here is nothing more to be learned [because the appellants] were there; they knew what happened."

In the district court's view, the complaint "was conceived as a placeholder of sorts for claims sounding in false arrest, false imprisonment and malicious prosecution which might possibly become viable if, or when, the Supreme Court reversed the First Circuit's en banc decision." However, in light of the Supreme Court's denial of the petition for certiorari, the district court concluded that there is "no doubt that the raid was carried out with lawful authority and jurisdiction." Because appellants' claims were "all predicated on the assertion that the raid was unlawful," the court ruled that the complaint was "legally insufficient and on its face plainly fails to state a claim." It granted the State's motion to dismiss.

On appeal, appellants argue that the district court erred when it "narrowly interpreted 'lawful authority' in the Complaint to mean solely that the State had lawful authority and jurisdiction to carry out the Smoke Shop Raid," and that the district court should have interpreted the allegation of lack of authority to

encompass the absence of probable cause.  They contend that the failure to do so was inconsistent with the district court's obligation under Rule 12(b)(6) to broadly construe their complaint and to deny the motion to dismiss only if no set of facts could support their claim for relief.  Appellants also contend that the district court erred in denying their request for leave to amend their complaint under Federal Rule of Civil Procedure 15.  They argue that they should be permitted additional time to engage in discovery prior to amending their complaint.

We review de novo the district court's dismissal of the complaint under Rule 12(b)(6).  Clark v. Boscher, 514 F.3d 107, 112 (2008).  In doing so, we must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom.  Id.  We review for abuse of discretion the denial of appellants' purported motion to amend.  Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006).

## II.

In Bell Atlantic Corp. v. Twombly, the Supreme Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  127 S. Ct. 1955, 1964-65 (2007)(internal citations and quotations

omitted). The complaint must allege "a plausible entitlement to relief" in order to survive a motion to dismiss. Id. at 1965. Subsequently, the Supreme Court reiterated that "[s]pecific facts are not necessary; the statements need only 'give the defendants fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 127 S. Ct. at 1964).[4]

Appellants argue that their allegation that the police acted "without lawful authority" is broad enough to include a claim that the police lacked probable cause. As appellants put it in their brief:

> The issue here is NOT [emphasis in original] whether the state had authority to make an arrest on Tribal lands but was the arrest of these individuals lawful. The lawfulness must be decided based upon the facts of each arrest-was there probable cause for each arrest that was made. This determination has not been made and cannot be made in a vacuum without the benefit of discovery and testimony from witnesses and the parties themselves. The issue of probable cause or reasonable grounds to make the arrest is one for the jury to decide.

There is not a hint of this probable cause argument in the proceedings before the district court. Instead, as the district court noted in its opinion, "plaintiffs weakly suggested [at oral

---

[4] The motion to dismiss standard cited by appellants -- a complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts" that entitles him to relief -- was set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). That standard no longer governs in light of Twombly.

-9-

argument] that the complaint contained an excessive use of force claim based on a dog bite and/or a 'chest bump,' however, even the most generous reading of the complaint reveals no such allegation." The appellants have not even weakly suggested that excessive use of force claim on appeal.  Instead, they have replaced the excessive use of force claim with a probable cause claim that was never presented to the district court.

Appellants cannot raise an argument on appeal that was not "squarely and timely raised in the trial court."  Iverson v. City of Boston, 452 F.3d 94, 102 (1st Cir. 2006); see also id. (litigants must "spell out their legal theories face-up and squarely in the trial court; if a claim is 'merely insinuated' rather than 'actually articulated,' that claim ordinarily is deemed unpreserved for purposes of appellate review.")  On that basis alone, we reject the argument that the district court erred in granting the motion to dismiss because the claim of appellants included a viable claim that the appellants were arrested without probable cause.

However, even if the probable cause theory of the appellants were properly before us, we would reject it.  The vague references in the complaint to acts of the defendants that "are illegal" and "without lawful authority" were insufficient to apprise defendants that the appellants were asserting a more particular claim that there was a lack of probable cause for the

-10-

arrests.  As we have stated, "[n]otice pleading rules do not relieve a plaintiff of responsibility for identifying the nature of her claim."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006).  Our precedent is clear that courts "must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him," because such notice is "[a] fundamental purpose of pleadings under the Federal Rules of Civil Procedure."  Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995).  Here, the generality of the complaint's language did not afford defendants such notice with respect to the probable cause claim.

## III.

Appellants alternatively argue that the district court should have given them the opportunity to amend their complaint because there are significant facts, some not yet revealed through discovery, that support their allegations.  Under Federal Rule of Civil Procedure 15, parties must obtain leave to amend from either the opposing party or the court in order to amend their complaint after a responsive pleading has been filed.[5]  The procedure for

---

[5] Fed. R. Civ. P. 15(a)(i) states:
(1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's

requesting leave to amend a complaint in the District of Rhode Island is set forth in Civil Local Rule 15.  This rule states that a motion to amend a pleading "shall be made promptly after the party seeking to amend first learns the facts that form the basis for the proposed amendment" and must be accompanied by the "proposed amended pleading" and "a supporting memorandum that explains how the amended pleading differs from the original and why the amendment is necessary."  District of Rhode Island Civil Local Rule 15.

Appellants did not satisfy the requirements of the local rule.  As an initial matter, the "request" for leave to amend included in plaintiffs' response to the motion to dismiss, unaccompanied by any of the required documents, did not comply with the motion practice prescribed by Local Rule 15.  Moreover, even if we overlooked this procedural defect, the district court's decision to deny leave to amend was sound in light of appellants' failure to make the substantive showings required by the rule.

At the hearing on the defendants' motion to dismiss (and not before), appellants suggested that they wanted to amend their complaint to add claims of excessive force.  However, on appeal, appellants do not specifically mention any allegations that the proposed amendment would have added.  Instead, they argue generally

written consent or the court's leave. The court should freely give leave when justice so requires. . . .

-12-

that the district court erroneously denied their request to add "additional claims."  Appellants' general reference on appeal to unenumerated "additional claims" confirms the observation of the district court that plaintiffs' belated request for leave to amend was nothing more than "a vague intent to amend a complaint along with wishful thinking that discovery may turn up new facts."  The court did not abuse its discretion in denying appellants' request for leave to amend.

Affirmed.