**Gabriela RÍOS DaSILVA, Elizabeth DaSilva, Plaintiff(s),**

v.

**ONE, INC. d/b/a The Wings Family Restaurant and Grill, José Amid Rodríguez, Defendant(s).**

**Civil No. 12–1286 (DRD).**

United States District Court, D. Puerto Rico.

Oct. 7, 2013.

Enrique J. Mendoza–Mendez, Mendoza Law Office, San Juan, PR, Juan R. Davila–Diaz, Hato Rey, PR, for Plaintiffs.

Eduardo A. Vera–Ramirez, Eileen Landron–Guardiola, Luis A. Rodriguez–Munoz, Landron & Vera LLP, Guaynabo, PR, for Defendants.

## AMENDED OPINION AND ORDER

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court are: (a) Defendants' ONE, Inc.'s, doing business as, The Wings Family, and José Amid Rodríguez' *Motion to Dismiss under FRCP 12(b)(6),* filed on January 30, 2013, Docket No. 18, and (b) *Response in Opposition to Defendants' Motions to Dismiss under FRCP 12(b)(6) (DOC. 18),* filed by plaintiffs on February 4, 2013, Docket No. 19. For the reasons set forth below, the defendants' motion to dismiss is hereby granted in part and denied in part.

### Introduction

The instant case was filed on April 27, 2012 and arises out of Plaintiffs,' Gabriela Ríos DaSilva's ("Gabriela Ríos") and her mother Elizabeth DaSilva's ("DaSilva") claims against Defendants,' One Inc. d/b/a The Wings Family Restaurant and Grill ("One Inc."), and supervisor José Amid Rodríguez ("Rodríguez") for employment discrimination based on sexual harassment, retaliation and constructive discharge. Plaintiffs' bring these claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Anti–Retaliation provisions; Puerto Rico Constitution and the applicable state law; Puerto Rico, Law No. 100 of June 30, 1959, 29 L.P.R.A. §§ 146 *et seq.* ("Law 100"); Law No. 69 of July 6, 1985, 29 L.P.R.A. §§ 1321 *et seq.* ("Law 69"); Law No. 17 of April 22, 1988, 29 L.P.R.A. §§ 155 *et seq.*, the Puerto Rico Anti–Retaliation Act, as well as Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 5141 and 5143.

### Factual and Procedural Background

Gabriela Ríos was an 18 year-old minor at the time when she was hired to work at One Inc. Ríos worked as a bartender and waiter at One Inc. from September 2, 2010 to April 28, 2011. During that period Ms. Ríos held the same position of bartender and waiter, until she was forced to resign seven months later on April 28, 2011.

On July 11, 2011, Elizabeth DaSilva in representation of her minor daughter and plaintiff herein Gabriela Ríos filed charge with the Antidiscrimination Unit of the Puerto Rico Department of Labor, charge number uadau 11–479ch. A Notice of Right to Sue was issued on February 21, 2012, EEOC Charge No. 16H–2011–00671, granting Gabriela Ríos ninety days of your receipt of this notice to file a lawsuit in a federal or state court under Title VII, the ADA or GINA. *See* Docket No. 14–1. The instant action was timely filed on April 27, 2012. *See Complaint,* Docket No. 1, and the *Amended Complaint,* Docket No. 17.

Gabriela Ríos asserts that she was subject to unwanted and unsolicited sexual commentaries, as well as physical conduct that was perpetuated by her supervisor Rodríguez, and defendant herein. Plaintiff Ríos claims that such unwelcome conduct started on her third day as an employee and never stopped until she was forced to resign her job on April 28, 2011. *See* Docket No. 20–1. Gabriela Ríos alleges that defendant Rodríguez made sexually oriented comments and invitations to her, such as: (a) "you look hot today," (b) "you are my girlfriend," (c) "lie to your mother so we can stay here and have fun," (d) "when are we going to hang out as a couple," (e) "you will like to go out with elder man like me," (f) "I can't wait to have you," (g) "what underwear are you wearing," (h) "you are mine," (i) "where do you live so I can pick you up," (j) "why don't stay late tonight," and other commentaries. *See Amended Complaint,* Docket No. 17 at page 3. Plaintiff Ríos asserts that Rodríguez' behavior included sexually oriented physical contact, such as pulling her close to his body, giving her hugs, grabbing her by the arms and saying "you are mine." *See Amended Complaint,* Docket No. 17 at page 3. "Gabriela rejected Rodríguez conduct and in turn she suffered adverse employment actions." *Id.* The adverse employment actions consist of "her constructive discharge and having to work in an intolerable sexually harassing charged environment." *Id.* Ms. Ríos alleges that she "submitted a complaint at her work place and no remedial action was ever taken." *Id.*

Plaintiff Ríos further alleges that she complained about Rodríguez' behavior with Mrs. María Alicea Avilés, who was partially employed as an executive for One Inc.,

and who also happens to be harasser Rodríguez' mother. *See Amended Complaint,* Docket No. 17 at page 3. "Her work environment turned so hostile that she [Ríos] was forced to quit her job on April 28th, 2011." *Id.* Plaintiff Ríos further alleges that she "could not take this harassment any more." *Id.* **"She did her best to survive these hostile and intolerable conditions because her economical realities forced her to, but said tolerance finally took a toll on her."** *Id.* (Emphasis ours). "Her [Ríos] fears and damage to her emotional well being increased to a point that she could not bear the situation any longer." *Id.*

Plaintiff Ríos alleges that she was not aware of any employer's anti-discrimination or anti-harassment policy in the work environment, as none was given to her. *See Amended Complaint,* Docket No. 17 at page 4.

The defendants filed a *Motion to Dismiss under FRCP 12(b)(6),* Docket No. 18, and a timely opposition was filed by plaintiffs, Docket No. 19.

### *Applicable Law and Discussion*

### *The Motion to Dismiss Standard under Fed.R.Civ. R. 12(b)(6).*

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") provides that a complaint will be dismissed for "failure to state a claim upon which relief can be granted." "So, when the allegations in a complaint, however true, fall short of a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (Citations omitted). *Bell Atlantic Corporation, et al. v. Twombly, et al.,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In *Twombly,* 550 U.S. at 555 and 570, 127 S.Ct. 1955, the Court held:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... (citations omitted) ... a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions not do, *see Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). **Factual allegations must be enough to raise a right to relief above the speculative level,** *see* 5 C. Wright & Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed. 2004).

. . .

Here, in contrast, we do not require heightened fact pleading of specifics, **but only enough facts to state a claim to relief that is plausible on its face.** Because the plaintiffs here have not nudged their claims across the line from **conceivable to plausible,** their complaint must be dismissed. (Emphasis ours).

*See also Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("Specific facts are not necessary; the **statements need only 'give the defendants fair notice of what the ... claim is and the grounds upon which it rests'**") (quoting *Twombly,* 127 S.Ct. at 1964)) (emphasis ours); *Thomas v. Rhode Island,* 542 F.3d 944, 948 n. 4 (1st Cir. 2008) (the motion to dismiss standard followed in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) "no longer governs in light of *Twombly*" (quoting *Twombly,* 127 S.Ct. at 1964); *Rodríguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007) (citing *Twombly* ); and *Torres v. Bella Vista Hos-*

*pital, Inc.,* 523 F.Supp.2d 123, 133 (D.P.R. 2007) (quoting *Twombly,* 127 S.Ct. at 1974). Thus, the new standard under *Twombly* is that a claim for relief must contain allegations that "are plausible on its face." *See also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

A district court's dismissal of a claim under Fed.R.Civ.P. 12(b)(6) is reviewed *de novo* by the Court of Appeals. *Thomas v. Rhode Island,* 542 F.3d at 948. "In doing so, we must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas,* 542 F.3d at 948, citing *Clark v. Boscher,* 514 F.3d 107, 112 (1st Cir.2008).

First, however, the Court must review the pleadings under the provisions of Fed. R.Civ.P. 8 to determine whether the complaint meets the plausibility requirements established by *Twombly* and *Iqbal.*

Fed.R.Civ.P. 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio–Hernández v. Fortuño–Burset,* 640 F.3d 1, 12 (1st Cir.2011). "In order to show an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level' on the assumption that all the allegations in the complaint are true even if doubtful in fact" *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). *Id.* at 570, 127 S.Ct. 1955; *See also Ash-*

*croft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When considering a motion to dismiss, the Court's inquiry embarks in a two-step process under the current context-based "plausibility" standard established by *Twombly,* 550 U.S. 544, 127 S.Ct. 1955 and *Iqbal,* 556 U.S. at 662, 129 S.Ct. 1937. "Context based" means that a plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. See *Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, wherein the Court found that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statement. "First, . . . the court must accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal,* at 678, 129 S.Ct. 1937. "Yet we need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement". *Maldonado v. Fontánes,* 568 F.3d 263, 268 (1st Cir.2009); Quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 557, 127 S.Ct. 1955. Second, the court must determine [based upon all assertions that were not discarded under the first step of the inquiry], if the complaint allege[s] sufficient facts to show a plausible claim for relief. *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937. This second step is context-specific and requires that the Court draw from its own "experience and common sense" in order to decide whether a plaintiff has stated a claim upon which relief may be granted or if, dismissal under Rule 12(b)(6) is appropriate. *Iqbal,* 556 U.S. at 663, 129 S.Ct. 1937.

Thus, "in order to survive a motion to dismiss, plaintiff must allege sufficient facts to show that [she] has a plausible entitlement to relief." *Sánchez v. Per-*

*eira–Castillo,* 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' 'that the pleader is entitled to relief.' " *Iqbal,* 556 U.S. at 682, 129 S.Ct. 1937; quoting Fed.R.Civ.P. 8(a)(2). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Twombly,* 550 U.S. at 567, 127 S.Ct. 1955. "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Ocasio–Hernández,* 640 F.3d 1, 12 (1st Cir.2011); *Sánchez v. Pereira–Castillo,* 590 F.3d 31, 49 (1st Cir. 2009).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits. The "standard is plausibility assuming the pleaded facts to be true and read in a plaintiff's favor," even if seemingly incredible. *Sepúlveda–Villarini v. Dep't of Educ. of P.R.,* 628 F.3d 25, 30 (1st Cir. 2010). "[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." *Ocasio–Hernández,* 640 F.3d at 12, citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955. The court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio–Hernández,* 640 F.3d at 12. Instead, the First Circuit has emphasized that "[t]he make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda–Villarini,* 628 F.3d at 29, citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. However a complaint that rests on "bald

assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). The court must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. Similarly, it has been established that unadorned factual assertions regarding the elements of the cause of action are inadequate. *Penalbert–Rosa v. Fortuño–Burset,* 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* 631 F.3d at 596. This Court do not reject bald allegations on the ground that they are unrealistic or nonsensical, it is the conclusory nature of the allegations that disentitles them to the presumption of truth. *See Méndez Internet Mgmt. Servs. v. Banco Santander de P.R.,* 621 F.3d 10, 14 (1st Cir.2010). The inquiry is whether "the combined allegations, taken as true ... state a plausible, not a merely conceivable, case for relief." *Ocasio–Hernández,* 640 F.3d at 12, citing *Sepúlveda–Villarini,* 628 F.3d at 30.

At the outset, the Court finds that the instant complaint is devoid of any details as to what type of charge Gabriela Ríos filed with One Inc.; whether it was a verbal or written complaint; the contents of the complaint; the date the complaint was submitted, and what action, if any, was taken by the officer of human resources after Ríos' complaint. The Court also finds that the some of the allegations pled in the *Amended Complaint* are conclusory and legal in nature, as opposed to true and detailed facts.

However, there are several considerations that hold back the Court's hand from dismissing the instant action, and is the fact that plaintiff Gabriela Ríos was a

minor at the time she was hired by One Inc. *See* Docket No. 19 at page 3, and Docket No. 20–1, the EEOC charge which was filed by Elizabeth DaSilva on behalf of Gabriela Ríos on July 11, 2011. The other relevant factor to be considered by the Court is the fact that minor Ríos and her mother Elizabeth DaSilva were undergoing a dire economic situation. *See Amended Complaint,* Docket No. 17 at page 3, and Docket No. 19 at pages 4 and 10. Based on these premises, the Court proceeds to review the pending motions.

### The Title VII Claims

### Sexual Harassment and Hostile Work Environment Claims.

 Plaintiff Ríos brings her Title VII claims against the defendants' for discriminating against her based on her gender, sexual harassment and retaliation. Title VII prohibits an employer from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Title VII also makes it unlawful for employers to discriminate based on sex and further prohibits retaliation against those employees who oppose such discrimination. 42 U.S.C. § 2000e–2(a)(1). A "plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Forrest v. Brinker Intern. Payroll Co., LP,* 511 F.3d 225, 228 (1st Cir.2007), citing, *Meritor Sav. Bank v. Vinson,* 477 U.S. 57, 66, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Firstly, plaintiff must allege that she was harassed while she was at work. Secondly, plaintiff must allege sufficient facts to allow the court to infer that such harassment was due to plaintiff's sex. *See Higgins v. New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 258 (1st Cir.1999). The critical issue under Title VII cases is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed. *Oncale v. Sundowner Offshore Servs.,* 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). *See also Ayala–Sepúlveda v. Municipality of San German,* 661 F.Supp.2d 130, 136 (D.P.R.2009).

In the instant case, Plaintiff Ríos must allege sufficient facts that if taken as true, would demonstrate that she was discriminated against because of her sex. The Court briefly explains.

It is uncontested that Plaintiff Ríos is a member of a protected class because she is a woman, and she is also a minor. In the employment discrimination context it has been established that "sexual harassment is a form of sex discrimination which Title VII prohibits." *Meritor Savings Bank,* 477 U.S. at 65, 106 S.Ct. 2399 (1986); *Lipsett v. University of P.R.,* 864 F.2d 881, 897 (1st Cir.1988). Courts have recognized that: sexual harassment can take place in two related ways. First, the *quid pro quo* harassment occurs when a supervisor conditions the granting of economic or other job benefit upon the receipt of sexual favors from a subordinate, or punishes that subordinate for refusing to comply. *Lipsett,* 864 F.2d at 897. *See also Acevedo Vargas v. Colon,* 68 F.Supp.2d 80, 87 (D.P.R.1999). The second type of sexual harassment, "hostile work environment, occurs when one or more supervisors or co-workers create an atmosphere so infused with hostility towards members of one sex that they alter the conditions of employment for them." *Meritor Savings,* 477 U.S. at 65, 106 S.Ct. 2399. In the instant case, plaintiff claims sexual discrimination based on hostile work environment. The Court proceeds to analyze the alleged hostile work environment claim.

 Undoubtedly, "requiring a person to work in a discriminatory hostile or

abusive environment violates Title VII." *Valentín–Almeyda v. Municipality of Aguadilla*, 447 F.3d 85, 94 (1st Cir.2006), quoting, *Harris v. Forklift Sys.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). In order to prevail on a hostile work environment sexual harassment claim, a plaintiff must establish in essence:

(1) That she (or he) is a member of a protected class; (2) that she was subjected to unwelcome sexual harassment; (3) that the harassment was based upon sex; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of plaintiff's employment and create an abusive work environment; (5) that sexually objectionable conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established. *Forrest v. Brinker Int'l Payroll Co.*, 511 F.3d 225, 228 (1st Cir.2007). *Valentín–Almeyda v. Municipality of Aguadilla*, 447 F.3d 85, 94 (1st Cir.2006); *Crowley v. L.L. Bean, Inc.*, 303 F.3d 387, 395 (1st Cir.2002).

■■ However, in the employment discrimination context, it is not necessary for a plaintiff to plead facts supporting each element of a claim, provided that whatever facts are pled allow the Court to plausibly infer liability. *Gerald v. Univ. of Puerto Rico*, 707 F.3d 7, 18 (1st Cir.2013). As the Supreme Court has stated, "a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination." *Twombly*, 550 U.S. at 547, 127 S.Ct. 1955, quoting, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). *Twombly* does "not requir[e] heightened fact pleading of specifics [regarding employment discrimination], but

only enough facts to state a claim to relief that is plausible on its face." *Id.* at 547, 127 S.Ct. 1955. In *Twombly*, the Supreme Court explicitly affirmed the *Swierkiewicz* pleading standard for employment discrimination claims. "The Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547, 127 S.Ct. 1955. "The elements of a prima facie case may be use as a prism to shed light upon the plausibility of the claim." *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013). Moreover, "although a plaintiff must pled enough fact to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial." *Id.* at 54. While an employment discrimination plaintiff need not plead all the elements of a prima facie case to survive a motion to dismiss, she must nevertheless plead sufficient facts to show a plausible entitlement to relief. *Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). The Court takes this six-element test in order to determine whether plaintiff has pled sufficient facts that demonstrate a plausible entitlement to relief.

■■ As stated above, there is no doubt that Gabriela Ríos as a woman and as a minor is a member of a protected class. "For harassment to be based on sex it need not be motivated by sexual to support an inference of discrimination on the basis of sex." *Oncale v. Sundowner Offshore Servs.*, 523 U.S. at 81, 118 S.Ct. 998 (1998). Plaintiff Ríos claims that the unwelcome harassment by her supervisor Rodríguez started on her third day on the job, that is, on or about September 5, 2010, and that such conduct never stopped until she resigned on April 28, 2011. Plaintiff Ríos further alleges that her supervisor Rodríguez made sexually oriented comments and invitations, such as: "you look

hot today," "you are my girlfriend;" "lie to your mother so we can stay here and have fun," "when are we going to hang out as a couple," "you will like to go out with elder man like me," "I can't wait to have you," "what underwear are you wearing," "you are mine," "where do you live so I can pick you up," "why don't stay late tonight," and other commentaries. *See Amended Complaint*, Docket No. 17 at page 3). Plaintiff Ríos also claims that Rodríguez' behavior included sexually oriented physical contact, such as pulling her close to his body, giving her hugs, grabbing her by the arms and saying "you are mine." *Id.*

Taking the above-pled facts as true, it is plausible to infer from Ríos' allegations that Rodríguez' actions and behavior were triggered by Gabriela Ríos gender and her age. It is also reasonable to infer that the comments and sexual propositions, including unwelcome and unauthorized physical contact were connected to Ríos being a woman and a minor.

Regarding the unwelcomeness of the conduct, Rodríguez' argues that the complaint is "lacking specificity beyond threadbare allegations." *See* Docket No. 18 at page 5. Defendants also alleges that Plaintiff Ríos complaint is insufficient under *Twombly* and *Iqbal*. *Id.* The Court disagrees with the defendants at this stage of the proceedings. Plaintiff Ríos states that Rodríguez subjected her to a sexually hostile work environment in violation of Title VII, since he made unwelcome sexual comments, invitations and continued physical contact towards the minor Plaintiff. Clearly, plaintiff Ríos' assertion regarding the classification of a hostile work environment is a legal conclusion that is disregarded for the current analysis. Nonetheless, plaintiff Ríos has clearly stated that she rejected Rodríguez' behavior.

Moreover, plaintiff Ríos also claimed that Rodríguez' actions included sexually oriented physical contact, such as pulling her close to his body, giving her hugs, grabbing her by the arms and saying "you are mine." *See* Docket No. 17 at page 3. This Court fails to see how sexually oriented comments, invitations and unwanted physical sexual contact is permissible at work, and does not constitute hostile work environment and sexual harassment.

■ Furthermore, plaintiff Ríos asserted that she submitted a complaint to One Inc.'s management and no remedial actions were taken. In the context of sexual harassment claims, "the question of whether particular conduct was indeed unwelcome presents difficult problems of proof and turns largely on credibility determinations committed to the trier of fact" and this case is no exception. *Meritor Sav. Bank*, 477 U.S. at 68, 106 S.Ct. 2399 (1986). Moreover, Ríos was never given a copy of the antidiscrimination or anti-harassment policy of One Inc. nor was it circulated among employees. *See* Docket No. 17 at page 5.

■ The Court now considers the third element, whether Rodríguez' behavior was based on gender. From the factual allegations pled in the instant complaint it is plausible to infer that Rodríguez' comments and physical conduct towards Gabriela Ríos were sexually related. Plaintiff Ríos is not required to demonstrate that Rodríguez' conduct "was motivated by sexual desire, but merely that the harassment was gender-specific." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. at 80, 118 S.Ct. 998 (1998). Hence, Rodríguez's conduct is unquestionably a gender-specific form of harassment. "The fact that not all of the complained-of conduct has obvious sexual connotations does not diminish the force of the evidence indicating gender-based animus." *Rosario v. Dep't of the Army*, 607 F.3d 241, 248 (1st Cir.2010). The Court finds that the sexual nature of

the alleged comments and behavior made by defendant José Amid Rodríguez was based on the plaintiff Ríos sex and age.

To satisfy the fourth element, plaintiff must show that the harassment she suffered was sufficiently severe or pervasive. "There is no mathematically precise test for determining whether offensive conduct in the workplace is sufficiently severe or pervasive so as to rise to the level of a hostile work environment." *Marrero v. Goya of Puerto Rico*, 304 F.3d 7, 18 (1st Cir.2002), citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). "These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). The Supreme Court has stated that:

> The effect on the employee's psychological well-being is, of course, relevant to determining whether the plaintiff actually found the environment abusive. But while psychological harm, like any other relevant factor, may be taken into account, no single factor is required. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). "This is not surprising given that there is seldom a defensible purpose behind discriminatory harassment and the real question is typically whether the bad acts taken in the aggregate are sufficiently severe or pervasive to be actionable." *Gerald v. Univ. of Puerto Rico*, 707 F.3d at 18–19 (1st Cir.2013); citing *Noviello v. City of Boston*, 398 F.3d 76, 84 (1st Cir.2005).

The Court now proceeds to examine whether the allegations establish that the sexual harassment was sufficiently severe or pervasive. As discussed above, plaintiff Ríos alleges that since her third day on the job until her resignation she was sexually harassed by defendant Rodríguez. Furthermore, plaintiff Ríos also points to specific commentaries and physical contact, and phrases used by Rodríguez, such as: "I can't wait to have you" and "what underwear are you wearing" to support her claim of sexual harassment. *See* Docket No. 17 at page 3. Plaintiff Ríos who was a minor at the time, claims that she was subject to severe and constant unwanted physical conduct. Hence, after considering the bare facts of the *Amended Complaint*, the Court finds that Ríos' claims are sufficiently severe or pervasive to be actionable under Title VII.

On the frequency front, a "single act of harassment may, if egregious enough, suffice to evince a hostile work environment." *Noviello*, 398 F.3d at 84, citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Moreover, Ríos claims that she was subject to such conduct since her third day as an employee until her resignation. This claim is further supported by the fact that plaintiff Ríos allegedly filed a claim against Rodríguez with One Inc.'s management, who happens to be Rodríguez' mother. This fact may explain why defendants allegedly ignored Ríos' complaint. Plaintiff Ríos contends that the unwanted conduct was continuous and met by rejection. Nonetheless, in the end, "it is for the jury ... to decide whether the harassment was of a kind or to a degree that a reasonable person would have felt that it affected the conditions of her employment." *Gerald*, 707 F.3d 7, 18–19 (1st Cir.2013), citing *Marrero*, 304 F.3d 7, 19 (1st Cir.2002).

The final two factors in the hostile work environment analysis are: (a)

whether the harassment was objectively and subjectively offensive, and (b) whether some basis for the employer's liability has been established. It has been emphasized that the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering "all the circumstances." *Harris,* 510 U.S. at 23, 114 S.Ct. 367. The sexually objectionable conduct must be "both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive" and that plaintiff in fact did perceive it to be so. *Pérez–Cordero v. Wal–Mart Puerto Rico, Inc.,* 656 F.3d 19, 27 (1st Cir.2011). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive is beyond Title VII's purview." *Harris,* 510 U.S. at 21, 114 S.Ct. 367 (1993). The Supreme Court has clarified that "conduct must be extreme to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). The law does not address every discomfort and offense suffered in the workplace. *Id.* at 883, 118 S.Ct. 2275. "Certainly Title VII bars conduct that would seriously affect a reasonable person's psychological well-being, but the statute is not limited to such conduct. So long as the environment would reasonably be perceived, and is perceived, as hostile or abusive." *Harris,* 510 U.S. at 22, 114 S.Ct. 367 (1993); *Meritor,* 477 U.S. at 67, 106 S.Ct. 2399 (1986). "There is no need for it also to be psychologically injurious." *Harris,* 510 U.S. at 22, 114 S.Ct. 367 (1993).

 In the instant case, Gabriela Ríos adequately alleged the subjective offense, as she perceived her environment to be hostile or abusive. Plaintiff Ríos claims that she felt harassed and intimidated in her job by Rodríguez' persistent unwelcome invitations and commentaries. Certainly, a reasonable person could conclude that the defendant Rodríguez' conduct was sufficiently severe or pervasive to constitute a hostile work environment, and that such behavior altered her working conditions. "When the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment" an abusive working environment is created. *Harris,* 510 U.S. at 21, 114 S.Ct. 367 (1993).

 Plaintiff Ríos further alleges that she felt fear and that she did her best to survive these intolerable conditions because her economic situation forced her to. *See* Docket No. 17 at 3. As stated above it is in the end, "for the jury to ... decide whether the harassment was of a kind or to a degree that a reasonable person would have felt that it affected the conditions of her employment." *Gerald,* 707 F.3d 7, 18–19 (1st Cir.2013), citing, *Marrero,* 304 F.3d at 19 (1st Cir.2002). Moreover, Ríos was a minor at the time, and it was further pled that she was undergoing a difficult financial moment. In the instant case, the Court finds that the facts alleged in the complaint met the objective test.

 The last necessary element to establish a hostile work environment claim is whether there is a basis for employer liability. *O'Rourke v. City of Providence,* 235 F.3d 713, 728 (1st Cir.2001). The answer to this question depends on whether the alleged harasser was a co-worker or a supervisor. *Crowley v. L.L. Bean, Inc.,* 303 F.3d 387, 401 (1st Cir.2002). In *Vance v. Ball State University,* ⸺ U.S. ⸺, 133 S.Ct. 2434, 2439, 186 L.Ed.2d 565 (2013), the Court held that "[a]n employee is a supervisor for purposes of vicarious liability under Title VII of he or she is

empowered by the employer to take tangible employment actions against the victim." In *Vance*, the Court further stated:

> As an initial matter, an employer will always be liable **when its negligence leads to the creation or continuation of a hostile work environment.** . . .
>
> **Assuming that a harasser is not a supervisor, a plaintiff could still prevail by showing that his or her employer was negligent in failing to prevent harassment from taking place. Evidence that the employer did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed would be relevant.** (Emphasis ours).

133 S.Ct. at 2452–2453. *See also Arrieta–Colón v. Wal–Mart Puerto Rico, Inc.*, 434 F.3d 75, 86 (1st Cir.2006), citing *Faragher*, 524 U.S. at 807, 118 S.Ct. 2275. In the instant case it is undisputed that Rodríguez was Ríos' supervisor with authority over her. Even if Rodríguez was a co-worker, as opposed to a supervisor, it will not change our analysis, as the employer is also liable to plaintiff if the employer has been negligent in failing to avoid the creation or consenting to a hostile work environment. *Vance*, — U.S. ——, 133 S.Ct. at 2452–2453.[1] Thus, the basis for the defendants' liability has been established, as the defendants have been unable to show otherwise.

For the reasons stated above, the Court finds that plaintiff Ríos' claims are sufficiently pled to establish a plausible sexual harassment and hostile work environment causes of action, which warrant an entitlement to relief.

### The Retaliation Claim

■ In addition to a hostile work environment claim, plaintiff Ríos alleges retaliation. Title VII makes it unlawful for an employer to retaliate against a person who complains about discriminatory employment practices. 42 U.S.C. § 2000e–3(a); *Noviello*, 398 F.3d at 88. To establish a prima facie case of a retaliatory discharge under *McDonnell Douglas* burden-shifting framework, a plaintiff must show that: (1) she engaged in protected activity under Title VII; (2) she suffered an adverse employment action; and (3) a causal connection existed between the protected conduct and the adverse action. *Gerald*, 707 F.3d 7, 24–25 (1st Cir.2013); *Collazo v. Bristol–Myers Squibb Mfg., Inc.*, 617 F.3d 39, 46 (1st Cir.2010); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ "If a plaintiff makes this showing, the burden swings to the defendant "to articulate a legitimate, non-retaliatory reason for its employment decision." " *Id.* at 24–25 (1st Cir.2013). Plaintiff Ríos has undoubtedly established the first element of a prima facie case. It is uncontested that Ríos' filing a sexual harassment complaint with One Inc. constituted a protected activity. Regarding the second element, the defendants contend that Ríos' prima facie case fails because she did not articulate what specific, wrongful actions the defendants took against her after she filed her complaint. *See* Docket No. 18 at page 5. There are no factual allegations pled in the complaint that show that a

---

**1.** *Vance, supra,* constitutes a case which holds that the employer, in order to be liable under vicarious liability for the action of its supervisor, the supervisor must have authority to hire, fire, promote or change the working conditions of the affected employee. However, the cases remembers practitioners that the employer is always liable if he was negligent in not taking action. In the instant case, the liability is pellucid both under vicarious liability, as well as under negligence standards.

causal connection exists between her protected conduct and defendant's adverse actions.

Plaintiff Ríos has not shown, or even attempted to articulate, why these actions were "materially adverse such that they would have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Gerald*, 707 F.3d at 24–25 (1st Cir.2013). Ríos also fails to provide the specific date the complaint with One Inc. was filed in order to establish a temporal proximity between the protected activity and plaintiff's Ríos unspecified retaliatory actions. *See Harrington v. Aggregate Indus.-Ne. Region, Inc.*, 668 F.3d 25, 32 (1st Cir.2012). "Under Title VII, for retaliation purposes, the relevant conduct is that which occurred after the plaintiff complained about his superior's discriminatory related harassment." *Gerald*, 707 F.3d at 24 (1st Cir. 2013). For the reasons stated above, the Court finds that Ríos failed to satisfy all three elements of a prima facie retaliation case. There being no sufficient facts to prove a *prima facie* case, dismissal of the retaliation claim is granted.

### The Constructive Discharge

A constructive discharge that results from sexual harassment or a hostile work environment is actionable under Title VII. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004). The "creation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case … [T]he only variation between the two claims is the severity of the hostile working conditions." *Id.* In order to prevail on a constructive discharge claim under Title VII, the plaintiff must show, that she resigned within a reasonable time period after the alleged harassment. *Landrau–Romero v. Banco Popu-*lar *De P.R.*, 212 F.3d 607, 613 (1st Cir. 2000); *Smith v. Bath Iron Works Corp.*, 943 F.2d 164, 167 (1st Cir.1991). The *sine qua non* requirement for a constructive discharge claim is that "a plaintiff is compelled to leave his or her employment." *Ramos v. Davis & Geck*, 167 F.3d 727, 732 (1st Cir.1999). "The doctrine reflects the sensible judgment that employers charged with employment discrimination ought to be accountable for creating working conditions that are so intolerable to a reasonable employee as to compel that person to resign". *Ramos*, 167 F.3d at 732 (1st Cir. 1999).

In the instant case, Plaintiff Ríos resigned the One Inc. on April 28, 2011. Gabriela Ríos alleges that she felt compelled to resign after a continued discriminatory pattern that began on her third day on the job, and never stopped until she resigned. Furthermore, plaintiff Ríos claims that she felt fear and that the unwanted commentaries and physical conduct towards her affected her emotional wellbeing. *See* Docket No. 17 at page 3. As a result, Ríos claims damages due to the intolerable working conditions imposed on her. *See* Docket No. 17 at page 6. Moreover, Ríos alleges that her economic reality forced her to survive such intolerable work environment. *Id.* On the other hand, defendants argue that Ríos fails to properly plead constructive discharge facts that plausibly demonstrate that the working conditions were so difficult or unpleasant. *See* Docket No. 18 at page 7.

It is settled that in order to establish a claim based on constructive discharge "plaintiff must prove that his/her employer imposed working conditions so intolerable that a reasonable person would feel compelled to forsake his job rather than to submit to looming indignities." *Landrau–Romero v. Banco Popular De P.R.*, 212 F.3d 607, 613 (1st Cir.2000); *Si-*

*mas v. First Citizens' Fed. Credit Union,* 170 F.3d 37, 46 (1st Cir.1999). It has been recognized that in order to establish that defendant should be held responsible as a result of quitting, plaintiff has to demonstrate that her working conditions were "so difficult or unpleasant that a reasonable person in [her] shoes would have felt compelled to resign." *Marrero,* 304 F.3d at 28, citing, *Alicea Rosado v. García Santiago,* 562 F.2d 114, 119 (1st Cir.1977). The standard is an objective one, it "cannot be triggered solely by the employee's subjective beliefs, no matter how sincerely held." *Suárez v. Pueblo Int'l, Inc.,* 229 F.3d 49, 54 (1st Cir.2000). *See also Calhoun v. Acme Cleveland Corp.,* 798 F.2d 559, 561 (1st Cir.1986).

In sum, "the fact that the plaintiff endured a hostile work environment-without more-will does not always support a finding of constructive discharge." *Marrero,* 304 F.3d at 28 (1st Cir.2002). "The jury must find that the working conditions were so unpleasant that staying on the job while seeking redress [would have been] intolerable." *Marrero,* 304 F.3d 7, 28 (1st Cir.2002); *Keeler v. Putnam Fid. Trust Co.,* 238 F.3d 5, 10 (1st Cir.2001). In addressing that question, however, the jury reasonably can take into account how the employer responded to the plaintiff's complaints. Plaintiff is not required to present "proof that the employer created the intolerable work conditions with the specific intent of forcing the employee to resign." *Ramos v. Davis & Geck, Inc.,* 167 F.3d at 732. Nonetheless, in the instant case, Ríos alleges that she filed a complaint against Rodríguez and no remedial actions were taken after such filing. *See* Docket No. 17 at page 3.

The court is now faced with the task of examining whether the uncontested facts pled by Ríos in the complaint fit within the plausibility of a constructive discharge. The Court finds that it is to the jury to establish if the constructive discharge is the product of the alleged hostile work environment. Plaintiff Ríos' resignation occurred after she could not tolerate the alleged discriminatory working environment anymore. Hence, defendants' dismissal request of the constructive discharge claim is denied.

### The Supplemental Claims

The Court will not dismiss the state law claims at this early stage of the proceedings, as the Court retains two potential federal causes of action.

### Conclusion

For the reasons set forth above, the defendants' motion to dismiss, Docket No. 18, is granted in part and denied in part. A scheduling conference is set for October 22, 2013 at 5:00 p.m.

IT IS SO ORDERED.